# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY SMITH,<br><br>　　　　　Plaintiff,<br>　　v.<br>JAMES A. YATES, et al.,<br>　　　　　Defendants. | CASE NO.   1:11-cv-00469-OWW-GBC (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

### SCREENING ORDER

**I.   PROCEDURAL HISTORY**

Plaintiff Leroy Smith ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on March 21, 2011.  (ECF No. 1.)  No other parties have appeared.

Plaintiff's Complaint is now before the Court for screening.  For the reasons stated below, the Court finds that Plaintiff has failed to state any claims upon which relief may be granted.

///

## II. SCREENING REQUIREMENTS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

## III. SUMMARY OF COMPLAINT

Plaintiff brings this action for violations of the Eighth Amendment. Plaintiff names the following individuals as Defendants: James A. Yates, A. Alcarez, and F. Igbinosa. All Defendants were employed at Pleasant Valley State Prison at the time of the incident.

Plaintiff alleges as follows: On November 27, 2009, Plaintiff's building was place on lock down for approximately twelve days. During that time, Plaintiff was not allowed any physical movement.

Plaintiff seeks compensatory and punitive damages, and costs and attorney fees.

## IV.     ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

### A.     Eighth Amendment

Plaintiff alleges that he was subjected to cruel and unusual punishment when his building was placed on lock down and he was not allowed any physical movement, which the Court assumes means that he was not allowed physical exercise..

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)). Prison officials therefore have a constitutional "duty to ensure that prisoners are provided with adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted); see Kennan v. Hall, 83 F.3d

3

1083, 1089 (9th Cir. 1996).

To establish a violation of this duty, a prisoner must satisfy both an objective and subjective requirement. See Wilson v. Seiter, 501 U.S. 294, 298 (1991). First, a prisoner must demonstrate an objectively serious deprivation, one that amounts to a denial of "the minimal civilized measures of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 346 (1981). In determining whether a deprivation is sufficiently serious, "the circumstances, nature, and duration" of the deprivation must be considered. Johnson, 217 F.3d at 731. "The more basic the need, the shorter the time it can be withheld." Hoptowit v. Ray, 682 F.2d 1237, 1259 (9th Cir. 1982). Second, a prisoner must demonstrate that prison officials acted with a sufficiently culpable state of mind, one of "deliberate indifference." Wilson, 501 U.S. at 303; Johnson, 217 F.3d at 733. In this regard, a prison official is liable only if he "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. Nonetheless, "a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Id. at 842.

It is well-established that "some form of regular outdoor exercise is extremely important to the psychological and physical well being of . . . inmates." Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979). Thus, complete denials of outdoor exercise for extended periods of time constitute objectively serious deprivations in violation of the Eighth Amendment. See Lopez v. Smith, 203 F.3d 1122, 1132-33 (9th Cir. 2000) (complete denial of outdoor exercise for six and a half weeks satisfies the Eighth Amendment's objective requirement); Toussaint v. Yockey, 722 F.2d 1490, 1493 (9th Cir.

4

1984) (complete denial of outdoor exercise for a period of over one year "raised a substantial constitutional question"); Spain, 600 F.2d at 199 (complete denial of outdoor exercise for four years constitutes a serious deprivation under the Eighth Amendment).

However, with respect to claims challenging the frequency or duration of an inmate's outdoor access, "the Ninth Circuit has not identified a specific minimum amount of weekly exercise that must be afforded" under the Eighth Amendment. Jayne v. Bosenko, No. 2:08-cv-2767-MSB, 2009 WL 4281995, *8 (E.D.Cal. Nov. 23, 2009) (citation omitted). The Ninth Circuit in Spain did not establish a constitutional floor of outdoor exercise per week for all inmates. Rather, the Ninth Circuit in Spain held that the district court's order mandating such, given the unique circumstances presented by that case, adequately satisfied the demands of the Eighth Amendment. In doing so, the Ninth Circuit, like other circuits confronting this issue, stopped far-short of establishing any specific weekly exercise minimum. See Rodgers v. Jabe, 43 F.3d 1082, 1087 (6th Cir. 1995) ( "Although [the Sixth Circuit has] referred to the one hour per day, five days a week mandate in Spain, [the Sixth Circuit has] stopped far short of endorsing that amount, or indeed any amount, as a constitutional requirement.").

Whether an inmate's claim regarding the frequency or duration of his outdoor exercise arises to the level of an objectively serious deprivation "depend[s] on the circumstances of each case." Perkins v. Kansas Dep't of Corrections, 165, F.3d 803, 810 n. 8 (10th Cir. 1999). Indeed, the determination as to whether an inmate was afforded constitutionally sufficient exercise is highly "fact-specific" and requires consideration of a multitude of factors. See Davenport v. De Robertis, 844 F.2d 1310, 1315 (7th Cir. 1988). In addition to the frequency and duration of outdoor exercise afforded to the inmate, the

5

court should consider: "(1) the opportunity to be out of the cell; (2) the availability of recreation within the cell; (3) the size of the cell; and (4) the duration of confinement." Wishon v. Gammon, 978 F.2d 446, 449 (8th Cir. 1992) (citations omitted) (forty-five minutes of out-of-cell exercise per week did not violate Eighth Amendment where the inmate had thirty minutes a week to shower, opportunities to leave his cell for personal telephone calls, and was allowed to receive visitors). Cf. Allen v. Sakai, 48 F.3d 1082, 1088 (9th Cir. 1994) (forty minutes of outdoor exercise a week was constitutionally insufficient, especially in light of the fact that plaintiff's confinement in the SHU was "indefinite and therefore potentially long-term").

Plaintiff states that his housing facility was locked down for twelve days. During those twelve days he was not allowed physical movement. From the attachments to the Complaint, it appears that the building was locked down in an attempt to stop the spread of a possible influenza outbreak. The building was placed on modified program and all group activities were cancelled. Inmates and staff were notified of this lock down.

This alleged deprivation of exercise for twelve days is not sufficient to state a claim. Not being allowed to exercise for twelve days is not an extreme deprivation of a minimal civilized measure of life's necessities. Further, Plaintiff does not attribute responsibility for this deprivation to any named Defendant. The Court also notes that it appears that the lock down served a legitimate penological goal – safety of the prison. Further, the Court notes that Plaintiff seemed to complain about not having access to the law library during the lock down. However, he does not include any complaints about library access in the statement of his claim.

**B.     Personal Participation and Supervisory Liability**

Plaintiff appears to be arguing that all named Defendants are liable for the conduct of subordinates as Plaintiff fails to state that any Defendant was present or participated in the complained of conduct as described by Plaintiff.

Under Section 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949.  "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948.  Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948-49.

When examining the issue of supervisor liability, it is clear that the supervisors are not subject to vicarious liability, but are liable only for their own conduct. Jeffers v. Gomez, 267 F.3d 895, 915 (9th Cir. 2001); Wesley v. Davis, 333 F.Supp.2d 888, 892 (C.D.Cal. 2004).  In order to establish liability against a supervisor, a plaintiff must allege facts demonstrating (1) personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Jeffers, 267 F.3d at 915; Wesley, 333 F.Supp.2d at 892.  The sufficient causal connection may be shown by evidence that the supervisor implemented a policy so deficient that the policy itself is a repudiation of constitutional rights. Wesley, 333 F.Supp.2d at 892 (internal quotations omitted).  However, an individual's general

7

responsibility for supervising the operations of a prison is insufficient to establish personal involvement. Id. (internal quotations omitted).

Supervisor liability under Section 1983 is a form of direct liability. Munoz v. Kolender, 208 F.Supp.2d 1125, 1149 (S.D.Cal. 2002). Under direct liability, Plaintiff must show that Defendant breached a duty to him which was the proximate cause of his injury. Id. "'The requisite causal connection can be established . . . by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson v. Duffy, 588 F.2d 740, 743-744 (9th Cir. 1978)).

Plaintiff fails to name any Defendants in his statement of the claim. In his amended complaint, Plaintiff needs to specifically link each Defendant to a violation of his rights. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies in this respect.

## V.   CONCLUSION AND ORDER

The Court finds that Plaintiff's Complaint fails to state any Section 1983 claims upon which relief may be granted. The Court will provide Plaintiff time to file an amended complaint to address the potentially correctable deficiencies noted above. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). In his Amended Complaint, Plaintiff must demonstrate that the alleged incident or incidents resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims or defendants, other than as requested by the Court. Plaintiff should focus the amended complaint on claims and defendants relating solely to issues arising out of the incidents discussed herein

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

2. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:11-cv-00469-OWW-GBC (PC); and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   August 22, 2011

UNITED STATES MAGISTRATE JUDGE