# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY SMITH, | ) 1:11cv00469 LJO DLB PC |
| Plaintiff, | ) FINDINGS AND RECOMMENDATION REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE ANY CLAIMS |
| vs. | |
| JAMES A. YATES, et al., | ) THIRTY-DAY OBJECTION DEADLINE |
| Defendants. | ) |

Plaintiff Leroy Smith ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 21, 2011. On August 22, 2011, the Court screened Plaintiff's complaint and dismissed it with leave to amend for failure to state a claim. On September 21, 2011, Plaintiff filed his First Amended Complaint. He names Pleasant Valley State Prison Warden James A. Yates, Nurse A. Alcarez and Chief Medical Officer F. Igbinosa as Defendants.

A.  **LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

B.	**SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff was incarcerated at Pleasant Valley State Prison, where the events giving rise to this action occurred.  Plaintiff alleges that on November 27, 2009, Defendants Yates, Alcarez and Igbinosa participated in the deprivation of Plaintiff's rights when they made a decision to place Plaintiff on lockdown for approximately twelve days.  He contends that the lockdown deprived him of "any physical movement."  He further contends that Defendants were responsible for implementing, and monitoring compliance with, policies and procedures affecting inmates at Pleasant Valley State Prison.

C.	**ANALYSIS**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted).  In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Richardson v. Runnels, 594 F.3d 666, 672 (9th Cir. 2010).

It is well-established that "some form of regular outdoor exercise is extremely important to the psychological and physical well being of ... inmates." Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979).  Thus, complete denials of outdoor exercise for extended periods of time constitute objectively serious deprivations in violation of the Eighth Amendment. See Lopez v. Smith, 203 F.3d 1122, 1132–33 (9th Cir.2000) (complete denial of outdoor exercise for six and a half weeks satisfies the Eighth Amendment's objective requirement); Toussaint v. Yockey, 722

F.2d 1490, 1493 (9th Cir.1984) (complete denial of outdoor exercise for a period of over one year "raised a substantial constitutional question"); Spain, 600 F.2d 189, 199 (complete denial of outdoor exercise for four years constitutes a serious deprivation under the Eighth Amendment).

In addressing denial of exercise in the context of a lockdown, the Ninth Circuit has consistently held that "short-term, temporary deprivations of exercise without medical effects are not sufficiently serious to support an Eighth Amendment claim." Thomas, 611 F.3d at 1155; Norwood v. Vance, 591 F.3d 1062, 1070 (9th Cir.2010); May v. Baldwin, 109 F.3d 557, 565 (9th Cir.1997).

Here, Plaintiff alleges that he was denied "any physical movement" for 12 days. Given that it is virtually impossible to deny a person of *all* physical movement, the Court construes this as a claim for denial of physical exercise. Indeed, the Court made the same assumption in its prior order and Plaintiff did not assert otherwise in his amended complaint.

As the Court explained in order dismissing Plaintiff's original complaint with leave to amend, the alleged deprivation of exercise for twelve days does not rise to the level of an objectively serious deprivation. Despite an opportunity to do so, Plaintiff has not alleged any additional facts in his amended complaint that would require a different result. The lockdown was temporary and short-term, and Plaintiff does not allege any specific injury. Norwood, 591 F.3d at 1070.

**RECOMMENDATION**

For the reasons discussed above, Plaintiff fails to state any cognizable claims against any Defendant. Plaintiff was previously provided leave to amend his complaint to cure the deficiencies identified. Plaintiff appears unable to state a claim and therefore further leave to amend should not be granted. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action be dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983; and

2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 8, 2013**                              /s/ *Dennis L. Beck*
                                                                     UNITED STATES MAGISTRATE JUDGE